**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **MARCO BARBERINI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 1:22-cv-691 |
| | ) |
| **LOUIS DeJOY, Postmaster General,** | ) |
| **of the United States Postal Service,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**NOW COMES** Plaintiff, MARCO BARBERINI, by and through his undersigned Attorney, and as his Complaint against Defendant, LOUIS DEJOY, Postmaster General of the United States Postal Services, states as follows:

## INTRODUCTION

1. This is an action for discrimination on the basis of the Rehabilitation Act, 29 U.S.C. § 701 *et seq*.

## JURISDICTION, VENUE AND JURY DEMANDS

2. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 701 *et seq*.

3. Plaintiff demands a trial by jury.

4. Plaintiff filed a formal complaint with the Defendant on November 4, 2019. On July 6, 2022, the Defendant issued its "Final Agency Decision" notifying the Plaintiff that he had 30 days from receipt to file this action in the U.S. District Court.

5. Venue is proper in the Western District of Michigan as the alleged acts occurred herein.

## THE PARTIES

7.     Plaintiff, MARCO BARBERINI, is a resident of Traverse City, Michigan. He suffers from back injuries which arose out of an on the job injury.

8.     Defendant, LOUIS DeJOY, is the Postmaster General for the United States Postal Service, an independent agency of the executive branch which is responsible for providing postal service in the United States.

## BACKGROUND

9.     Plaintiff at all relevant times was employed by Defendant as a city carrier at the Traverse City Barlow Branch in Traverse City, Michigan.

10.    On or about March 24, 2018, the Plaintiff was diagnosed with a back condition which arose out of an on the job injury.  In or about November 2018, the Plaintiff was offered a limited duty assignment which did not include accommodations that would have allowed the Plaintiff to perform the duties of his position.  The Plaintiff made additional requests for accommodation which were reasonable and would not have created an undue hardship for the Defendant.  The Defendant failed to provide the Plaintiff with the needed accommodations, offer alternative accommodations, or even engage in an interactive active process.  As a direct result, the Plaintiff was forced to go on disability retirement.

11.    The Defendant's conduct constitutes a violation of the Rehabilitation Act, 29 U.S.C. 701 *et seq*.

12.    As a direct result of the Defendant's conduct, the Plaintiff has lost wages and employment benefits.

13.    In addition, Plaintiff has suffered mental anguish and emotional distress and is therefore, entitled to an award of compensatory damages.

14. Plaintiff is also entitled to reasonable attorney's fees and his costs of suit.

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant and award the following relief:

    A.    Back pay;

    B.    Compensatory damages;

    C.    Reasonable attorney's fees and costs of suit; and

    D.    Any other and further relief as this Court deems just.

Dated: August 1, 2022

/s/ Jonathan C. Goldman_____
Jonathan C. Goldman of the law Offices of Goldman & Ehrlich, Chtd., as Attorney for Plaintiff MARCO BARBERINI

Jonathan C. Goldman
Law Offices of Goldman & Ehrlich
10 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 332-6733
arthur@goldmanehrlich.com
ARDC # 06210828